Romeo Unemployment Compensation Case.

Argued June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ. (WATKINS, J., absent).

*Joseph E. Gallagher*, with him *O'Malley, Morgan, Bour & Gallagher*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., September 13, 1962:

This is an appeal from an order of the Unemployment Compensation Board of Review denying compensation to the claimant on the ground she was guilty of willful misconduct. See §402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The board found that the claimant was advised by her physician, on January 2, not to go to work because she injured her wrist and that she telephoned her employer and reported her absence due to illness. On January 6, the claimant was found working in the family store and was discharged for misrepresentation of her absence.

The credibility of the witnesses, the weight of their testimony, and the *reasonable inferences to be drawn from* it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955). The evidence shows that following a telephone call, the claimant's employer sent a representative to the store where he found the claimant with an apron sweeping the floor. The claimant further signed a statement in which the termination of her employment was listed as "Falsification, working while being paid sick leave." The evidence was sufficient to support a finding of willful misconduct.

Order affirmed.