Opinion by
Woodside, J.,
The claimant in this unemployment compensation case was denied compensation by the bureau, referee and board, on the ground that her unemployment was due to her discharge from work for willful misconduct. See §402(e) of the Unemployment Compensation Law, as last amended by the Act of August 24, 1953, P. L. 1397, §4, 43 P.S. §802(e).
When told by her employer that she was expected to work on a Saturday, the claimant said that she wanted to do religious work with a traveling minister that day. She was given permission to stay away from work to do her religious work, providing she would bring back “an excuse from her minister that she was actually employed in religious work.” Apparently the employer wanted to satisfy himself that she was giving the true reason for her refusal to work. She was told not to come back to work without the note. She did not work Saturday; she did not bring any note from her minister; she did not notify her employer further, and she did not report for work until ten days thereafter, at which time she was told that she had been discharged. She attempted to excuse her failure to get the note by testifying: “I didn’t think it was necessary;” “I forgot it;” “I was busy”.
The evidence, even the testimony of the claimant herself, supports the board’s finding that she was guilty of willful misconduct. Krawczyk Unemployment Compensation Case, 175 Pa. Superior Ct. 361, 104 A. 2d 338 (1954); Romeo Unemployment Compensation Case, 199 Pa. Superior Ct. 33, 184 A. 2d 274 (1962).
Decision affirmed.