Gilbert Recker, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Ernest B. Orsatti,* with him *Jubelirer, McKay, Pass & Intrieri,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 26, 1977:

Gilbert Recker (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which affirmed a denial of benefits by the referee.

Claimant was employed by Kensington Manufacturing Company (Employer) as a tractor-trailer driver from May, 1974 until March, 1975. The referee found that Claimant was discharged ''for falsifying his log book, which he was required to keep in accordance with Interstate Commerce Commission regulations.'' Claimant admitted falsifying his logs, claiming that he did so at the express direction of his employer. Finding that Claimant's actions amounted to willful misconduct, the referee denied benefits to Claimant pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Board, on appeal, found that in July or August of 1974 Claimant was told by a new supervisor that compliance with the Interstate Commerce Commission's (Commission) regulations was expected. The Board found, that in late 1974, Claimant was again reminded by his supervisor that compliance with the Commission's regulations was demanded. Finally, the Board noted that Employer was not aware of Claimant's falsification until March of 1975, when Claimant was dismissed.

In his appeal to this Court, Claimant contends that the evidence does not support the Board's finding that Employer demanded compliance with the Commission. Claimant also maintains that Employer knew of Claimant's failure to comply long before he was dismissed.

Based upon an exhaustive review of the record, we must reject Claimant's contentions and affirm the decision of the Board. Our review in unemployment compensation cases is limited to questions of law and a determination of whether the Board's findings are supported by the evidence, leaving to the Board questions of credibility and evidentiary weight, and giving the benefit of all reasonable inferences to the party prevailing before the Board. *Stockdill v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 516, 368 A.2d 1341 (1977).

The testimony of a representative of Employer supports the following findings of the Board which, in essence, state:

1. Claimant was informed in July or August of 1974 that Employer demanded compliance with the Commission's regulations;

2. Claimant was again reminded of this in late 1974; and

3. Employer was not aware of Claimant's falsifications of his log book until March of 1975, at which time Claimant was discharged.

This representative of Employer testified unequivocally that company policy forbids drivers' violations of the Commission's regulations and that this policy was communicated to Claimant on at least two occasions. This witness verified that Employer first became aware of Claimant's infractions in March of 1975.

Recognizing the existence of conflicting testimony as to whether Employer condoned Commission violations, the Board explicitly resolved the conflict of credibility in favor of Employer, rejecting the testimony of Claimant's witness on this issue. Having decided that the Board's findings are supported by the evidence, we must affirm.

Accordingly, we

ORDER

AND Now, this 26th day of May, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.