David C. Blessings, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Louis M. Shucker,* with him *Barbara J. Hart,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 23, 1978:

David C. Blessings (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). We affirm.

Claimant, a laborer employed by Grace Mines (employer), had a history of excessive, unexcused absences for which he had been given numerous warnings. In fact, he had been discharged at one time for excessive absenteeism and had been rehired with a final warning.

In early January 1976, claimant became ill and consulted his physician, Dr. W. L. King, on January 5,

1976. Claimant called in sick on January 8, 1976 and was absent from work from that date until his discharge. He or his wife telephoned periodically to advise the employer that he was still ill.

Sometime between January 27 and January 29, Dr. King completed an insurance form which claimant had secured from his employer. On this form, Dr. King indicated that claimant would be able to return to work on January 30. On that date, according to claimant, he woke up an "didn't feel up to going to work and I did not go." He then changed the January 30 date on the insurance form to indicate he would not be able to return to work until February 10.

The employer received this form on February 9 and, upon contacting Dr. King's office, learned that Dr. King had not changed the date. Claimant was subsequently discharged for his record of absenteeism, for his failure to return to work on January 30, and for unilaterally altering the insurance form. His application for unemployment benefits was denied by the Bureau of Employment Security, which denial was affirmed by the referee and by the Board, on the ground that claimant was guilty of willful misconduct.

Willful misconduct has been defined to include a willful disregard of the employer's interests and a disregard of standards of behavior which the employer has a right to expect of his employees. *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973). An employer has the right to expect an employee on sick leave to return to work when cleared to do so by his physician or at least to notify the employer of his reasons for failing to do so. *Geesey v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 381 A.2d 1343 (1978). Moreover, a deliberate attempt by an employee to mislead his employer would clearly constitute willful misconduct. *See, e.g., Ro-*

*meo Unemployment Compensation Case,* 199 Pa. Superior Ct. 33, 184 A.2d 274 (1962); *Miokovic Unemployment Compensation Case,* 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).

Here, claimant not only failed to return to work on the date specified by his physician; he also attempted to mislead his employer by altering the date on the insurance form completed by Dr. King. These facts, combined with claimant's history of excessive absenteeism, clearly warrant a conclusion of willful misconduct.

Claimant contends that he changed the date on the form with Dr. King's approval and that the Board's finding that he did so unilaterally is not supported by the evidence. However, the claimant's own testimony clearly indicates that he changed the date and at some *later* time went to see Dr. King, who then allegedly ratified the change. The only visit to the doctor after January 30 which is disclosed by the record was on February 12, three days after the employer had received the insurance form. Thus, when the claimant submitted the altered form to the employer he could not have known whether or not Dr. King would approve the change. Whether or not Dr. King subsequently concurred, the fact remains that the claimant represented his own opinion, that he was too ill to return to work, as the opinion of Dr. King. Since claimant's own testimony establishes that he unilaterally changed the dates, we must affirm the order of the Board.

ORDER

AND Now, this 23rd day of March, 1978, the order of the Unemployment Compensation Board of Review, dated December 14, 1976, denying benefits to David C. Blessings, is hereby affirmed.