Mary M. Kosmalski, Petitioner *v*. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUM-LISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Dianne Upson*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 21, 1979:

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review (Board) have all ruled that Mary M. Kosmalski (claimant) is disqualified from receiving unem-

ployment compensation benefits because of willful misconduct, by reason of the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The findings of the Board are not in dispute. Claimant was last employed by Habbersett Brothers, Inc., as an assistant bookkeeper at $167.50 per week. She had worked for this employer about three years and nine months, and her last day of work was September 10, 1976. At the time of her hiring as an assistant bookkeeper, claimant falsified her job application by stating she had graduated from a high school commercial program which included courses in bookkeeping. The admitted fact in this regard was that claimant had not graduated from high school. During the eight months prior to claimant's dismissal, her work had declined and numerous errors and needed corrections in her work were pointed out to her, but her work performance failed to return to its previous three-year satisfactory level.

The Legislature has not enunciated what actions constitute willful misconduct. Courts have concluded that the term includes acts of wanton or willful disregard of the employer's interest, deliberate violations of the employer's rules, conduct in disregard of standards of behavior which the employer has a right to expect, and acts showing intentional and substantial disregard of the employer's interest or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the Board. Our scope of review is confined to questions of law where, as here, the find-

ings of the Board as to the facts are supported by the evidence and fraud is absent.

Thus, we are confronted with the question of whether claimant's inattention to her work constitutes willful misconduct as a matter of law. Not every employee who is discharged because his work is not satisfactory is ineligible for unemployment compensation benefits. A conscientious employee, because of limited ability, inexperience, or lack of coordination, may be unable to perform the duties of his employment to the satisfaction of his employer. If such a person is discharged, he is entitled to unemployment compensation benefits. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A.2d 410 (1958). *See Taylor Unemployment Compensation Case,* 170 Pa. Superior Ct. 119, 84 A.2d 521 (1951).

In the instant case, the record discloses that the claimant's work performance as a bookkeeper had been totally satisfactory for the beginning three years of her employment[1] and that her work had declined substantially during the eight months prior to her dis-

---

[1] The Board also offered as a reason for denying claimant benefits the fact that claimant falsified her job application for a bookkeeping position by misrepresenting the successful completion of high school and concluded that such was a material deception of claimant's capabilities and constituted willful misconduct. Since we hold that another issue is dispositive of the instant case, we do not pass upon this question here. However, in view of claimant's record of three years of totally acceptable and satisfactory work as a bookkeeper following her employment, we believe there is serious doubt as to the validity of this particular reason relied upon by the Board. *See Unemployment Compensation Board of Review v. Dixon,* 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976) ; *cf. Secretary of Revenue v. John's Vending Corp.,* 453 Pa. 488, 309 A.2d 358 (1973) (a statute authorizing the denial of a cigarette dealer's license to a corporation, an officer of which had been convicted of a crime of moral turpitude held not to disqualify a corporation whose president had been convicted of such a crime nearly twenty years before the application for the license).

missal. Thus, this decline in work performance cannot be attributable to incompetence or inability to perform her work assignment. Despite the employer's pointing out numerous errors and needed corrections, claimant's quality of work never returned to its previous satisfactory level. Accordingly, this failure to work at her full proven potential must be construed as conduct showing intentional and substantial disregard of the employer's interest or of the employee's duties and obligations, *i.e.*, willful misconduct.

Consequently, we enter the following

ORDER

AND Now, this 21st day of February, 1979, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Mary M. Kosmalski is hereby affirmed.