Shirley Perry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges WILKIN-SON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Michelle R. Terry,* with her *Nathaniel C. Nichols,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 25, 1980:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits. We affirm.

Shirley A. Perry (Claimant) was last employed by Teledyne Wirz (Employer). Claimant was absent from work 45 days in 1975, 45 days in 1976 and 39 days in 1977. On April 24 and June 10 of 1977, Employer gave written warnings to the Claimant about her absenteeism and specifically advised her that she would

have to obtain a certificate from a doctor verifying that she was physically unable to work should she be absent again.

On July 1, 5, 6, 7 and 8 of 1977, Claimant was absent from work. When she returned to her place of employment on July 11, Claimant submitted a certificate purporting to be signed by a doctor, but actually signed by the doctor's nurse. The certificate stated that Claimant was treated by the doctor from July 1, 1977 to July 11, 1977 for an inner ear infection but, in fact, Claimant did not visit and was not treated by the doctor because the doctor was not in his office during that period of time. On July 15, 1977, Claimant was discharged for willful misconduct consisting of absence without a doctor's certification as to the reason for the absence and violation of a shop rule prohibiting the falsification of "personal" data requested by Employer.

Both the referee and the Board found substantial evidence of willful misconduct on the part of the Claimant.[1] "Willful misconduct" is an act of wanton or willful disregard of an employer's interest, a deliberate violation of an employer's rules, a disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interest or an employee's duties and obligations. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review*, 41 - Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979).

Claimant's sole argument to us is that her conduct did not constitute willful misconduct. Specifically, she

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

argues that *she* did not falsify the doctor's certificate which she submitted to Employer. She also argues that she did submit a second certificate from another doctor who did treat her during the period she was absent from work.

By the act of presenting the first doctor's certificate to Employer, Claimant implicitly represented it to be factually correct although she knew that it was not. A deliberate attempt by an employee to mislead his employer constitutes willful misconduct. *Blessings v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 345, 383 A.2d 580 (1978). We have no difficulty concluding that Claimant's conduct in this respect constituted a willful disregard of the standards of behavior which her Employer rightfully expected from her.

Neither the referee nor the Board made a finding of fact concerning the validity of the second doctor's certificate, although the Board did state in its decision that Claimant was "absent without a doctor's certification." The testimony before the referee reveals that the second doctor's certificate covered just two days of Claimant's last absences from work and described her condition as "hypertension." In the absence of specific findings by the Board, we may draw no inferences regarding the validity of the second certificate. *See Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). However, it is obvious that the second certificate covered only two of the five days missed. Therefore, the Board's conclusion is correct that Claimant failed to substantiate her absences with a doctor's certificate. In any event, in light of Claimant's willful misconduct in misrepresenting the first certificate, we see no need whatsoever to remand this case to the Board for any additional findings concerning the second certificate.

## ORDER

AND Now, this 25th day of January, 1980, the order of the Unemployment Compensation Board of Review dated July 13, 1978, denying benefits to Shirley A. Perry, is affirmed.

Judge DiSALLE did not participate in the decision in this case.