Walter English, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*G. David Pauline,* with him *Marian Frankston,* of counsel, for appellant.

*Steven R. Marcuse,* with him *David R. Confer,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for appellees.

Opinion by Judge Wilkinson, Jr., February 25, 1980:

Petitioner (claimant) appeals to this Court an order of the Unemployment Compensation Board of Review (Board) denying claimant unemployment com-

pensation benefits because of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed as a truck driver by Herr Welding Supply, Inc. (employer) for approximately four years. On the morning of May 6, 1977 claimant left with employer's truck to make deliveries. Claimant did not return to the employer's premises with the truck; rather, at 10:30 p.m. that evening the truck was towed back to the employer's office by a wrecker. Claimant did not report to work until May 11, when he was discharged for failing to appear for work for three days and for failing to contact the employer during that period.

Claimant applied for unemployment compensation benefits, but the Bureau of Employment Security (now the Office of Employment Security) issued a determination denying benefits. Upon claimant's appeal, a referee held a hearing and affirmed the decision to deny benefits. After the Board thrice remanded for additional hearings, it held claimant ineligible for unemployment compensation benefits because of his willful misconduct. Claimant appealed to this Court.

Willful misconduct has been defined frequently by this Court as including acts of wanton or willful disregard of the employer's interest, deliberate violations of the employer's rules, conduct in disregard of standards of behavior which the employer has a right to expect, and acts showing intentional and substantial disregard of the employer's interest or the employee's duties or obligations. *Kosmalski v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 527, 397 A.2d 875 (1979). A failure to notify one's employer of an absence may constitute will-

ful misconduct. *See Rose v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 210, 375 A.2d 893 (1977). The question before us is whether there is substantial evidence supporting the Board's finding of fact that claimant did not contact his employer during his absence from work.

At the hearings both claimant and the employer presented evidence on the issue of whether claimant contacted the employer. Claimant testified that his absence was due to illness and that he asked his landlord to call the employer each day. Claimant's landlord testified that he did telephone to notify the employer of claimant's absences. Two representatives of the employer testified that the company was not contacted after the morning of May 6 until claimant reported in on May 11 and that all efforts to call claimant at home were unsuccessful. As Judge DiSALLE wrote for this Court in *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 306, 387 A.2d 998, 1000 (1978):

> This is a classic case of two sides presenting divergent testimony concerning a particular event. The fact that conflicting evidence is presented does not mean that there is no substantial evidence to support the eventual finding since it is the function of the Board, and not this Court, to resolve questions of credibility and conflicts in testimony.[1]

---

[1] It may be noted that in the Board's discussion of the instant case the Board stated that it "does not believe that the claimant or anyone for the claimant tried to contact the employer during the period May 6 through May 10, 1977." This is not surprising since claimant stated in his first interview that he had called in Saturday but had not called Monday or Tuesday. "I was just fed up for the past couple of months. . . ." When he testified he said that he had the landlord call Saturday but not Monday or Tuesday. He later said he had the landlord call everyday. When he testified he said the reason for his absence was a bad back.

A careful review of the record indicates that substantial evidence was presented to support the Board's finding of fact that claimant did not contact the employer during his absence from work.

Accordingly, we will enter the following

ORDER

AND NOW, February 25, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-153573-B, dated August 18, 1978, denying unemployment compensation benefits to Walter English, Jr., is affirmed.

President Judge BOWMAN did not participate in the decision in this case.