Henry Allen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 13, 1980:

In this unemployment compensation appeal, claimant[1] questions a denial of benefits by the board,[2] affirming the referee's conclusion that claimant was ineligible for compensation because discharged for willful misconduct.[3]

Having worked as a packer for his employer[4] only six months, claimant missed a total of 27 days and was late for work on two days. On February 5, 1979, he received a two-day suspension for tardiness, and was warned that any continued record of absenteeism would lead to discharge. Claimant then took off three days—April 4, 6 and 9—for personal business, which the employer classified as unexcused absences. When claimant failed to call in or report for work on April 16 as requested by the employer, he was discharged for excessive absenteeism and tardiness after warning.

Claimant contends that the employer failed to meet the burden of proving willful misconduct, and that the alleged actions did not warrant a finding of willful misconduct as a matter of law.

---

[1] Henry Allen.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897 *as amended,* 43 P.S. §802(e).

[4] Slim Jim.

There is substantial evidence in the record of testimony to support the findings, made by the referee and adopted by the board, that claimant missed work several times after receiving a warning from his employer that continued absenteeism would be cause for dismissal. Therefore, we cannot disturb those findings. *Edwards v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 556, 414 A.2d 1124 (1980).

We have held that continued excessive absence or lateness in the face of warnings by the employer constitutes willful misconduct within the meaning of Section 402(e). *Fitzgerald v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 629, 411 A.2d 899 (1980); *Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973). Claimant's behavior here evidences a willful disregard of the employer's interests and of his own duties and obligations.

Accordingly, we affirm the denial of compensation.

### ORDER

AND Now, this 13th day of November, 1980, the order of the Unemployment Compensation Board of Review, No. B-173843, dated July 11, 1979, is affirmed.