Thomas J. Houser, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1981, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*David S. Kluxen, Jr., Allison & Pyfer,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying the claimant unemployment compensation benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1]

Claimant, Thomas J. Houser, was last employed as an associate professor and director of computer services at Millersville State College. In 1978, the Commonwealth of Pennsylvania, acting through Millersville and Kutztown State Colleges, entered into an agreement with the Univac Division of the Sperry Rand Corporation (Univac Division) for the purchase of a "90/60" computer system to be installed at Millersville State College. Subsequent to the execution of the contract, claimant became involved in a series of affairs with respect to the computer which culminated in the termination of his employment. The incident which precipitated this chain of events was claimant's entrance into an agreement with a representative of Univac division for the shipment of a "90/70" computer system, a costlier and more sophisticated machine than that specified in the executed contract.

Believing that claimant had obtained the proper administrative clearance to negotiate such a change, Univac Division shipped and installed a "90/70" system which, in all outward appearances is identical to a "90/60" system. Upon receiving the upgraded unit, claimant directed the Univac Division representative to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

fasten a "90/60" nameplate to the front of the machine. Claimant then told his subordinates that a "90/70" system was being installed, but instructed them to refer to it as a "90/60" system.

Sometime after the computer system had been installed, the president of Millersville State College received an anonymous report informing him of the existence of the "90/70" system on his college's premises. The college president spoke to claimant concerning this matter and claimant indicated that the machine which had been delivered to him was a "90/60" system. It was not until Univac Division was contacted that the information provided by the anonymous report was confirmed.

After this series of events, claimant was suspended, with pay, from his job. Shortly thereafter, the claimant was discharged. Following his separation from employment, claimant filed an application for unemployment compensation. The Bureau of Employment Security issued a determination holding claimant eligible for benefits under Sections 401(d)[2] and 402(e) of the Law. The college appealed this determination and a referee's hearing was scheduled. Much testimony was received at that hearing, following which the referee decided to reverse the Bureau's determination. The referee held that claimant was ineligible for benefits by force of Section 402(e) of the Law. The issue of claimant's eligibility under Section 401(d) of the Law was never addressed. Subsequent to the issuance of the referee's decision, claimant filed a Petition for Further Appeal to the Board. The Board affirmed and modified the referee's decision. The Board denied benefits, concluding that although claimant was eligible for benefits under the provisions of Section 401(d) of the Law, he was disqualified under Section 402(e).

---

[2] 43 P.S. §801(d).

It is from the Board's decision that claimant has appealed to this Court.

Claimant contends that the findings of fact made by the referee and the Board are not supported by substantial and competent evidence. In support of this contention, claimant relies on his own testimony. Claimant argues that his attestations contradict those believed by the referee in formulating the findings of fact and conclusions of law.

The appellate courts of this Commonwealth have unequivocally established that the Board and the referee are the ultimate fact finders and that they alone are empowered to resolve conflicts in evidence and to determine the credibility of the witnesses in unemployment compensation proceedings. *E.g., Crilly v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 221, 397 A.2d 40 (1979). This Court will not entertain questions concerning credibility and the evidentiary weight accorded to a witness's testimony. Our sole function in unemployment compensation cases is to review the record and insure that the findings of fact are supported by the evidence and that no error of law has been committed. *E.g., Recker v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 327, 373 A.2d 795 (1977). The presence of conflicting testimony in the record does not demonstrate the absence of other competent evidence supporting the findings of the Board. *Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). Our examination of the evidence in the instant case reveals that the Board's findings are supported by substantial and competent evidence.

Claimant next alleges that his employer failed to carry its burden of proof in establishing that his acts rose to the level of willful misconduct. He argues that he was ignorant of the substitution in equipment made

by Univac Division, and that such ignorance was justifiable and reasonable under the circumstances. He also states that whatever mistake he may have made resulted in a benefit to his employer and was not detrimental to his employer's interests. We cannot agree.

Both the evidence and the Board's findings plainly show that claimant acted deliberately and purposefully in changing, without authorization, his employer's order for a "90/60" computer system. In addition, he knowingly failed to inform the college officials of his agreement to change the type of equipment originally ordered. Finally, he intentionally attempted to deceive his employer as to the type of machine which was installed at the college.

A deliberate attempt by an employee to mislead his employer constitutes "willful misconduct." *Perry v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 646, 410 A.2d 398 (1980). Furthermore, this Court has held that a knowing falsehood to an employer concerning an employee's work constitutes a willful disregard of the employer's interests and a departure from the standards of behavior an employer can rightfully expect of an employee. *Zelonis v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 516, 395 A.2d 712 (1979).

For the foregoing reasons, we conclude that the referee and the Board were justified in finding that claimant's conduct constituted "willful misconduct" within the meaning of Section 402(e) of the Law; and we affirm the order denying benefits.

## ORDER

AND Now, the 19th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-177232, denying benefits, is affirmed.