Rosemary Dudash, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Margaret Duffy Lenns,* with her *Randy A. Hummel,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 30, 1981:

Rosemary Dudash (Claimant) is appealing an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision, and denied Claimant's benefits on the grounds that Claimant was discharged for willful misconduct in connection with her work.[1]

The Board found as fact that Claimant was last employed by the Butler Garment Company (Em-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, 43 P.S. §802(e), which provides in pertinent part:

An employee shall be ineligible for compensation for any week—

. . . .

ployer) working on the automatic presser, from May
1, 1974. Her last day of work was in March of 1979.
Thereafter, Claimant was granted medical leave be-
cause of an ankle injury. On May 2, 1979, Employer
sent Claimant a letter, stating that she must contact
Employer within three days or be considered to have
voluntarily quit for not reporting back at the expira-
tion of her leave of absence. On or about May 4, 1979,
Claimant called Employer as requested and advised
Employer's plant manager that she had called before
for an extension of her leave. The plant manager
felt that his failure to know about her call was not her
fault, but was due to a communication problem with-
in the plant which occurred occasionally; thus he
granted her an indefinite leave of absence.

The Board further found that on May 14, 1979,
Claimant called Employer's plant manager and told
him she was ready to report to work. He told her to
call later that day to learn if work was available.
Claimant called around 3:00 p.m. and the payroll clerk
told her to report for work the next morning. Claim-
ant did not report to work the next morning (May
15) or on May 16, May 17, or May 18, 1979; but on
May 18, 1979, she called the plant manager and asked
if she still had a job. When the plant manager told
her she did not have a job, Claimant replied that she
had been out of town since Tuesday (May 15) and
that someone had reported her absence for her. The
plant manager then put her on hold, while he checked
his records for such a call. He discovered no record
of a call, returned to the phone and found that they
had been disconnected. Employer heard nothing more
from Claimant and on May 21, 1979, he notified her

---

(e) In which his unemployment is due to his dis-
charge or temporary suspension from work for willful
misconduct connected with his work.

union that she had been terminated for failing to report to work for four days without notice.[2]

The burden of proving willful misconduct is on the employer. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). Where, as here, the employer prevails before the Board, we must determine on appeal whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

Claimant alleges that instead of properly basing its findings on her proffered evidence, the Board based its findings on the "weak recollections" of the Employer's plant manager and payroll clerk which, she contends, did not constitute substantial evidence. Claimant's argument is clearly an attempt to persuade us to accept her position on the credibility of witnesses, the weight of their testimony and the resolution of conflicting evidence. It is well-established that these matters are for the Board. *Kosmalski v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 527, 397 A.2d 875 (1979).

It was the Board's prerogative to accord more weight to the testimony of Employer's plant manager and payroll clerk than to that of the Claimant. Since Employer's evidence constituted the substantial evidence required to support the Board's findings, we

---

[2] The Board also made a finding that Claimant did not file a grievance over the termination and was not prevented by Employer from filing such a grievance. We agree with Claimant that this finding is irrelevant to a conclusion of willful misconduct. *Romanovich v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 501, 379 A.2d 1065 (1977). However, since there is no indication that the Board considered that finding to be relevant to its conclusion, we need not disturb that finding.

are bound by the Board's findings. *Astarb v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 638, 413 A.2d 761 (1980).

Whether or not the Board's findings regarding Claimant's conduct support a conclusion of willful misconduct is a question of law, subject to our review. "Willful misconduct" has been defined by this Court to include disregard of standards of behavior which the employer has the right to expect of his employees. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

This Court has held that "[a]n employer has a right to expect an employee who is on sick leave to report back to work when cleared to do so by his physician or at least to notify his employer of his reasons for failing to return." *Geesey,* 33 Pa. Commonwealth Ct. at 378, 381 A.2d at 1344. Even though Employer did not receive any medical verification on May 14, 1979, that Claimant was cleared to return to work, Claimant's indication to Employer on the phone that she was ready to work gave employer the same right to expect her to return to work or to be notified of the reason for her absence.[3] Claimant failed to report to work in the four days following her indication of availability and did not offer any reason for her absence until the fourth day, May 18, 1979. We agree with the Board that Claimant did not at that time offer a good excuse for this absence.

Therefore, Claimant's unjustified failure to report to work in the four days subsequent to her indication to Employer of availability following an ex-

---

[3] Employer's plant manager testified at hearing that Claimant would have been required (under company policy) to bring with her a doctor's certification when she reported back to work on May 15, 1979.

tended sick leave evidence a disregard of the standards of behavior the Employer could expect of its employees and thus constituted willful misconduct. *See also Edwards v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 556, 414 A.2d 1124 (1980); *McKeever v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 147, 413 A.2d 795 (1980); *English v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 428, 411 A.2d 292 (1980).

Accordingly, we affirm the Board's denial of benefits.

ORDER

AND Now, this 30th day of July, 1981, the order of the Unemployment Compensation Board of Review, dated March 13, 1980, denying Rosemary Dudash benefits, is hereby affirmed.