Richard E. Ramsey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*Richard E. Ramsey*, petitioner, for himself.

*John T. Kupchinsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 24, 1982:

Richard E. Ramsey (Claimant) appeals from the order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee to deny unemployment compensation benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1] For the reasons which follow, we affirm.

Claimant was employed as a locker room attendant by the YMCA (Employer) from October 14, 1980 until December 31, 1980. Claimant completed his last day of work on New Year's Eve at 6:30 p.m. without incident. At approximately 11:30 p.m. that evening, however, Claimant returned to the Employer's premises for the purpose of wishing a "Happy New Year" to Jim Moore, a fellow employee. Mr. Moore is a clerk who was on duty at that time in Employer's office. Claimant entered Employer's office and began drinking wine with Mr. Moore and a third employee, a maintenance worker. At some point during the visit, Mr. Moore requested that Claimant leave the office. When Claimant refused, an altercation between Mr. Moore and Claimant occurred which resulted in the police being summoned. Upon their arrival, the police requested that Claimant leave the premises. Claimant,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

who persisted in refusing to leave, was taken into custody. No charges were filed against the Claimant and he was released the following morning. Claimant was discharged on January 2, 1981 when Employer was informed of the incident.

In an unemployment compensation case, the burden of proving willful misconduct is on the employer. Since the employer prevailed below, our scope of review is limited to a determination of whether an error of law was committed, or whether any necessary finding of fact is unsupported by substantial evidence in the record. *Hadvance v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 447, 442 A.2d 862 (1982).

Claimant first contends that there is no substantial evidence in the record to support the conclusion that he was intoxicated while on the Employer's premises without legitimate purpose. It is well established that the credibility of the witnesses and the weight be accorded their testimony, and the resolution of conflicting evidence are matters to be determined solely by the factfinder. *Dudash v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 186, 432 A.2d 1150 (1981). Our review of the record shows that there is uncontradicted evidence that Claimant returned to the Employer's premises at least five hours after he had completed his shift. While Claimant's reason for returning may have been thoughtful, it was not legitimate. Furthermore, Claimant's own testimony reveals that he knew that he was not permitted in the office. There is also competent evidence which describes Claimant's appearance, speech, and behavior as demonstrating the effects of intoxication. We conclude that there is sufficient relevant evidence to support the findings made by the referee.

Claimant also argues that his conduct did not constitute willful misconduct. We disagree. The term willful misconduct has been defined to mean

the wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer.

*Lytle v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 77, 80, 387 A.2d 962, 963 (1978). Being intoxicated in an unpermitted area while on the Employer's premises without legitimate purpose, is, as a matter of law, conduct which clearly satisfies this definition.

#### ORDER

Now, September 24, 1982, the order of the Unemployment Compensation Board of Review, Decision Number B-196046 dated June 10, 1981 is hereby affirmed.