Linda A. Bono, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Howard R. Cohen,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 2, 1983:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to Linda A. Bono (Claimant) because she had voluntarily terminated her employment without cause of a necessitous and compelling nature. *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

On April 13, 1981 Claimant terminated her employment at Chloride Industrial Batteries where she had worked since October 10, 1975. Claimant cited health reasons and dissatisfaction with the practices of fellow employees as her reasons for this voluntary termination.

The burden of proving cause of a necessitous and compelling nature for voluntarily terminating employment such as to render a claimant eligible for unemployment compensation benefits rests with the claimant. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). Where, as here, the party with the burden of proof has not prevailed before the Board, this Court's scope of review is limited to a determination of whether the findings of fact can be sustained without capricious disregard of competent evidence and are consistent with each other and with the con-

clusions of law. *Dickhoff v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 452, 449 A.2d 807 (1982).

To establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination at the time of termination; (2) have informed the employer of the health problem, *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), and (3) the employee must be available, where a reasonable accommodation is made by the employer, for work which is not inimical to his health. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). A claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981). Claimant's employer testified that he had not been informed of any health problem. The Board accepted this testimony and made a finding that the employer had not been so informed and that the Claimant, although under medical care, was not advised by her physician to terminate her employment.

Secondly, Claimant argued that because of certain improprieties perpetrated by fellow employees she had to quit. Specifically she alleged that she continually received inquiries from the creditors of one employee regarding his outstanding debts.

While one who is employed by an enterprise engaged in illegal activities as part of its usual business has a good cause for leaving such work, *Gould v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 42, 430 A.2d 731 (1981), mere dissatisfaction with another employee is not cause of a necessitous and compelling nature. *Soyster Unemployment Compensation Case*, 197 Superior Ct. 547, 180

34

A.2d 123 (1962). The practices complained of by Claimant were the personal practices of an employee, rather than the illegal practices of the enterprise by which she was employed. As such her complaint more closely resembles one of personal dissatisfaction with a fellow employee as opposed to a belief that her employer, Chloride, was involved in illegal activities. The Board did not err in concluding that this was not cause of a necessitous and compelling nature.

Since Claimant has failed to meet her burden of proving necessitous and compelling cause for her voluntary termination and as there has been no capricious disregard of evidence or fraud, the Board's decision that Claimant is ineligible for unemployment compensation benefits must be affirmed.

ORDER

Now, September 2, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, dated September 15, 1981, is hereby affirmed.