Cumberland County Nursing Home, Petitioner *v.*
Commonwealth of Pennsylvania, Unemployment
Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1984, to Judges
MacPhail, Doyle and Blatt, sitting as a panel of
three.

*Douglas B. Marcello, Mancke, Lightman & Wagner,* for petitioner.

*James R. Humer,* for intervenor, Shirley Hockley.

OPINION BY JUDGE DOYLE, May 15, 1984:

Petitioner, Cumberland County Nursing Home (Employer), appeals from a decision of the Unemployment Compensation Board of Review (Board) which granted compensation to Shirley Hockley, finding no ineligibility under Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1]

Shirley Hockley (Claimant) was employed by the Nursing Home as a practical nurse, when, on February 2, 1982, she injured her ankle and was granted a six-month leave of absence. During the absence, Claimant remained in communication with her employer, and indicated that her physician had not given her a date on which she would be able to return to work. On July 26, 1982, the employer informed Claimant by letter that because she would not be able to return to work by the end of her leave of absence, her position would be terminated on that date.

Claimant was terminated at the end of her leave, and was later granted unemployment benefits by the Office of Employment Security. This award of benefits was reversed by the referee, whose decision was subsequently affirmed by the Board. On appeal to this Court, the matter was remanded upon stipulation

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

of the parties for the taking of additional evidence. The Board directed that a new hearing be held, and, upon a review of the entire transcript, issued its present decision allowing benefits.

In its present appeal, the employer argues that the Board erred in failing to find Claimant guilty of willful misconduct. Initially, we note that our scope of review in cases where the party with the burden of proof has not prevailed before the Board[2] is limited to a determination of whether the findings of fact can be sustained without capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Bono v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 31, 464 A.2d 710 (1983). Although employer has erroneously addressed its argument to whether there exists substantial evidence to support the findings of fact, we shall review the claim in light of the appropriate standard.

The employer argues that there is no evidence to support the Board's finding that the Claimant indicated her readiness to work prior to her termination on August 2. The employer argues that the Board disregarded evidence which established not only that Claimant consistently indicated her inability to work, but further that she failed to notify her employer upon learning from her physician of a date on which she could return to work.

A review of the record reveals some merit to the claim that the Board capriciously disregarded the evidence on this issue. We cannot agree, however, that such a conclusion would require a reversal or remand of the Board's decision, for even had the Board found

---

[2] An employer must sustain the burden of proving willful misconduct before the Board. *Lee v. Temple University (Personnel),* 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976).

the facts as asserted by the employer, such findings would not constitute willful misconduct as a matter of law. Willful misconduct has been defined by this Court to include disregard of standards of behavior which the employer has the right to expect of his employees. *Dudash v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 186, 432 A.2d 1150 (1981). We have held that an employer has a right to expect that an employee on sick leave will report to work once he is cleared to do so by his physician, or that he will notify his employer of his reasons for failing to return. *Dudash, Edwards v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 556, 414 A.2d 1124 (1980); *Bajor v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 401, 390 A.2d 890 (1978).

In the present case, the Claimant was given clearance by her physician on July 29 to begin work on August 16, two weeks after the end of her sick leave. At the time she received the clearance, however, she had already been informed that she would be terminated at the end of her leave because of her inability to return to work by that date. Thus, at the date of her termination on August 2, Claimant was still unable to report to work, and could not be expected to do so. In addition, the Claimant could not be expected to notify her employer of her clearance for work when such clearance would not become effective until after her position had been terminated. Therefore we conclude that such facts, even had they been found by the Board, would not constitute willful misconduct.

Since the remaining findings of fact by the Board are supported by the evidence and are consistent with the conclusion of law, we shall affirm the award of benefits, and direct that such benefits be calculated from August 16, 1982, the date of Claimant's initial availability.

## ORDER

Now, May 15, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-212558-B, dated May 27, 1983, is hereby affirmed. The matter is remanded for a calculation of benefits consistent with this opinion.

Jurisdiction relinquished.