Meyer Rabinowitz, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 6, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Jerome R. Verlin,* with him *Louis Ingber,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, August 15, 1974:

This is an appeal by Meyer Rabinowitz (Rabinowitz) from an order of the Unemployment Compensation Board of Review (Board) dated September 11, 1973, which denied Rabinowitz's application for unemployment compensation.

Rabinowitz, age 77, was last employed by Globe Security Systems, Inc. (Globe) in Philadelphia.

Rabinowitz had been employed by Globe for nearly five years as a part-time accountant working three days a week before his employment was terminated on February 25, 1972. Rabinowitz filed an application for unemployment compensation benefits on March 3, 1972. The Bureau of Employment Security denied benefits finding that Rabinowitz had left his employment voluntarily without cause of a necessitous and compelling nature, and that he was not available for suitable work. Rabinowitz appealed and a hearing was held on July 14, 1972. The referee, in a decision dated August 9, 1972, found that Rabinowitz had not voluntarily terminated his employment; however, the referee still denied benefits for the reason that Rabinowitz was not available for suitable work within the terms of Section 401(d) of the Unemployment Compensation Law (hereinafter Act), Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §801(d). Rabinowitz appealed from the referee's decision, arguing that he was available for part-time work identical to the work he had been doing, and that therefore he was not disqualified by Section 401(d) of the Act. Globe also appealed the referee's decision arguing that Rabinowitz had voluntarily left his job. The Board, on November 15, 1972, concluded that the referee's determination was proper and therefore disallowed further appeal. However, on December 26, 1972, the Board granted Rabinowitz's request for reconsideration, vacated its prior decision, and remanded the case for a further hearing before a referee acting as a hearing officer for the Board. The remand hearing was held on January 23, 1973, and at the hearing additional testimony was introduced to support Globe's contention that Rabinowitz had voluntarily terminated his employment. In its decision and order dated April 30, 1973, the Board again denied benefits finding that Rabinowitz was "able and available for suitable work"

but that he had "voluntarily terminated his employment because he felt the work was making him nervous and he could not sleep at night." On May 30, 1973, the Board granted another request for reconsideration by Rabinowitz, vacated its April 30, 1973 order, reopened the case, and again remanded the case for a further hearing before a referee acting as a hearing officer for the Board. A further hearing was held on July 24, 1973 and on September 11, 1973 the Board reinstated and reaffirmed its decision and order dated April 30, 1973.

This Court's scope of review in an unemployment compensation case is confined to questions of law, and absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions concerning the credibility and the weight of evidence are for the Board, and the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *See Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973).

The basic question presented to the Court in this case is whether Rabinowitz voluntarily left work without cause of a necessitous and compelling nature and is therefore ineligible for benefits under the provisions of Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). Section 402(b)(1) reads in pertinent part as follows:

"An employee shall be ineligible for compensation for any week—

. . . .

"(b)(1)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . ."

The record in this case indicates that the underlying cause of Rabinowitz's termination of employment was the installation of a data processing system which

caused his job to become more difficult. Rabinowitz testified that he complained to his superior that the job was making him nervous and causing him to lose sleep. Rabinowitz's superior testified that Rabinowitz complained about his job and orally indicated an intention to terminate his employment. Following this alleged oral resignation, another of Rabinowitz's superiors contacted Rabinowitz concerning his intention to resign. The second superior testified that Rabinowitz affirmed his desire to resign, and that therefore arrangements were made to terminate his employment.

We will first deal with the Board's finding that Rabinowitz voluntarily terminated his employment. There is a direct conflict in the testimony on this point, with Rabinowitz testifying that he did not voluntarily resign and his two superiors testifying that he did voluntarily resign. We have noted above that in this type of case questions concerning the credibility and the weight of evidence are for the Board. We must add that a finding of the Board is not unsupported by competent and credible evidence merely because some evidence was introduced which conflicted with the evidence supporting the finding. *See Cornyn v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 447, 316 A. 2d 158 (1974). The substantial evidence required to support findings of an administrative agency is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Tritex Sports Wear, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 335, 315 A. 2d 322 (1974). Having carefully reviewed the record and considering the above-mentioned principles, we conclude that there is substantial evidence in this record to support the Board's finding that Rabinowitz voluntarily left his employment.

In his appeal to this Court, Rabinowitz argues that even if he did voluntarily retire, he did so with cause of a necessitous and compelling nature. He argues that the advent of the data processing system caused his job to become unsuitable for him and made it necessary for him to retire. Unfortunately, this argument was raised only peripherally before the referee, and there is insufficient evidence in the record to support it. In order to be eligible for unemployment compensation, a person who voluntarily retires must sustain the burden of proving that the termination was with cause of a necessitous and compelling nature. *See Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973). As the Board noted, there is no evidence in this record which would indicate that Rabinowitz was under a doctor's care at the time of his retirement, or that a physician advised Rabinowitz to retire. Nor is there evidence showing that Rabinowitz had a prior medical history of nervousness or insomnia and that the advent of the data processing system aggravated these conditions. *See Kernisky, supra.*

In summary, we conclude that Rabinowitz has failed to sustain his burden of proving that he voluntarily retired with cause of a necessitous and compelling nature, and we hold that all of the findings of the Board are supported by substantial evidence. Therefore, we

### ORDER

AND NOW, this 15th day of August, 1974, the decision and order of the Unemployment Compensation Board of Review, dated September 11, 1973, denying benefits to Meyer Rabinowitz, is hereby affirmed.