Charles E. Geesey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Charles E. Geesey*, appellant, for himself.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 27, 1978:

Charles E. Geesey (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) finding him guilty of willful misconduct and thus ineligible for unemployment benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed by Thonet Industries (employer) as an upholsterer. Beginning January 31, 1975, claimant took a medical leave of absence to undergo surgery. There is a dispute as to whether or not the claimant ever contacted his employer following his release from the hospital. In August 1975, the employer contacted claimant's physician, Dr. Wesley Stick. Dr. Stick informed the employer that he had advised the claimant he could return to work in April 1975. Upon receiving this information, the employer discharged the claimant.

Two hearings were held before a referee at which claimant attempted to prove that he had not been cleared by Dr. Stick to return to work until September 1975 and that he had at all times kept his employer informed of his medical status. However, Dr. Stick testified that he had indeed cleared the claimant to return to work in April 1975. In addition, representatives of the employer testified the claimant never advised the appropriate office of his physical condition after March 1975. The Board rejected the claimant's contentions, finding that the claimant had been cleared by his physician to return to work in April

and that he failed to contact his employer at any time thereafter. The Board concluded that the claimant was guilty of willful misconduct.

Willful misconduct has been defined to include a disregard of standards of behavior which the employer has the right to expect of his employees. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973). An employer has a right to expect an employee who is on sick leave to report back to work when cleared to do so by his physician or at least to notify his employer of his reasons for failing to return. *Cf. Homony, supra* (failure to contact employer during seven-month absence following injury constituted willful misconduct). Thus, the Board's findings, if allowed to stand, support its conclusion that claimant was ineligible for unemployment benefits.

The Board's findings of fact are conclusive if supported by substantial evidence. *See, e.g., Emgee Engineering Co. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977); *Unemployment Compensation Board of Review v. Moran*, 21 Pa. Commonwealth Ct. 387, 346 A.2d 591 (1975). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974). The fact that there is conflicting evidence does not mean that there is no substantial evidence to support a finding; it is the function of the Board, and not of the Court, to resolve questions of credibility and conflicts in testimony. *See, e.g., Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977). We conclude that the testimony of Dr. Stick and of the employer's representatives is such evidence as a reasonable mind might accept as adequate to sup-

port the relevant findings. Therefore, we must affirm the Board's denial of benefits.

ORDER

AND Now, this 27th day of January, 1978, the order of the Unemployment Compensation Board of Review, dated July 9, 1976, denying unemployment benefits to Charles E. Geesey, is hereby affirmed.