William L. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1978, before Judges Mencer, Rogers and DiSalle, sitting as a panel of three.

*Richard A. Weinstein,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, June 26, 1978:

This is a petition for review filed by William L. Martin (Claimant) from an order of the Unemployment Compensation Board of Review (Board) dated March 2, 1977, reinstating its order of December 10, 1976, which disallowed Claimant's appeal pursuant to Section 502 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, and affirmed the adjudication of the referee, thereby denying unemployment compensation benefits to Claimant under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1).

Claimant, who was employed by Martin Supply Company (Employer), challenges the Board's determination on two grounds. First, he argues that the second and third Findings of Fact are not consistent with the evidence adduced at the hearing. Second, he contends that the evidence supports his position that he left his employment due to cause of a necessitous and compelling nature.

The disputed Findings of Fact are:

2. The claimant voluntarily terminated his employment when he was informed he could no longer use the parking space he had been using.

3. The claimant was not laid off or discharged and continuing work was available had the claimant desired to remain employed.

Findings of fact by the referee, which are affirmed by the Board, as was done here, when supported by substantial evidence are binding on this Court even though evidence was also introduced to the contrary. *Unemployment Compensation Board of Review v. Jones,* 23 Pa. Commonwealth Ct. 451, 352 A.2d 574 (1976). This is a classic case of two sides presenting divergent testimony concerning a particular event. The fact that conflicting evidence is presented does not mean that there is no substantial evidence to support the eventual finding since it is the function of the Board, and not this Court, to resolve questions of credibility and conflicts in testimony. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978). A careful review of the record indicates that substantial evidence was presented to support the challenged Findings of Fact.

The basis for Claimant's argument that he severed his employment for cause of necessitious and compelling nature is his claim that he had to be available to travel to the hospital to visit his mother who was seriously ill and recuperating from a leg amputation. In order to be available at a moment's notice, he had been using a parking spot which the Employer had requested he refrain from using. It was this disagreement over parking facilities that ultimately precipitated Claimant's termination of employment. The burden of proving that a voluntary termination of his employment was for cause of a necessitous and compelling nature is upon the claimant. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). This burden may be sustained by showing that his conduct was consistent with ordinary common sense and prudence and that the circumstances prompting the severance

of employment were real, substantial and reasonable. *Aluminum Company of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). This, Claimant has failed to do. Dissatisfaction with parking arrangements can hardly be said to constitute necessitous and compelling reasons for terminating one's employment. This result is made all the more compelling in the instant case since there is evidence in the record that other suitable parking was available.

We affirm.

### Order

And Now, this 26th day of June, 1978, the order of the Unemployment Compensation Board of Review, dated March 2, 1977, denying benefits to William L. Martin, is affirmed.