Ursula G. Criswell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*William H. Kaye,* with him *Kenneth F. Lee,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 13, 1978:

Ursula G. Criswell (claimant) appeals here from a termination of her unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) pursuant to Section 402(a) of the Unemployment Compensation Law (Law)[1] (failure to accept suitable work when offered). We affirm.

When the present dispute arose, claimant had been receiving unemployment compensation benefits in the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a). Section 402(a) provides in relevant part:

An employee shall be ineligible for compensation for any week:

(a) in which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him by the unemployment office. . . .

amount of $111.00 a week. On September 2, 1976, claimant received a referral card from the local office of the Bureau of Employment Security (Bureau) informing her of a job interview which the Bureau had arranged for September 7, 1976.

On September 3, 1976, claimant called the Bureau and spoke to Mr. Moore, an employee of the Bureau. She asked Mr. Moore about the job, and the two discussed it.

On the basis of what Mr. Moore told claimant about the job, she did not report for the interview; instead, she went to the Bureau on September 7, her regular reporting day. At that time, Mrs. Christman, another employee of the Bureau, told claimant that she should have gone on the interview. During this visit, claimant set forth in writing her reasons for refusing the referral. She signed and dated that statement.

Subsequently the Bureau, after duly notifying the claimant, terminated her benefits. Claimant took timely appeals, and the referee and the Board upheld the Bureau's determination.

Claimant asserts only a single issue on appeal. She argues that she did not receive a bona fide job referral. Therefore, claimant contends, her subsequent refusal of the job was not in violation of Section 402 (a) of the Law, and the Board's threshold determination that the referral was proper went against the evidence.

The scope of review of this Court when the findings of the Board are questioned is limited to a determination of whether those findings are supported by substantial evidence. If so, they are conclusive. *Geesey v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Geesey, supra; Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974). However, the existence of conflicting testimony does not mean that there is no substantial evidence in support of the Board's finding; questions of credibility and conflicts in testimony are for the Board, not this Court, to resolve. *Geesey, supra.*

Additionally, this Court must examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all logical and reasonable inferences that can be drawn from the testimony, in determining whether substantial evidence exists. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

Claimant testified that, on September 2, 1976, she received a job referral card from the Bureau and that the next day, four days before she was to report for the interview, she spoke to an interviewer at the Bureau, a Mr. Moore.[2]

---

[2] Claimant's testimony as to the initial discussion was as follows:

A. I called on September 3. I called from my place of employment and I talked to Mr. Moore who happens to be the only interviewer I know. And he was the one that interviewed me originally. And asked him about the job. If he could tell me anything and I thought I might, you know, leave work early. I had to go on an interview.

Q. Oh, you already had another interview scheduled?

A. No.

Q. Oh, I see. All right.

A. I discussed it. I asked him about the job. He told me it was an accounts payable clerk at $3.25 an hour.

Claimant testified that Mr. Moore told her she "should not have received the card" and also told her to talk to Mr. Baker when she came in on her regular reporting day, which next was to be September 7.

Mr. Moore, in his testimony, corroborated claimant's testimony as to the conversation but did not acknowledge the absence of a referral.

On September 7, 1976, claimant visited the Bureau. Not finding Mr. Baker, she was interviewed by two other persons.

However, in her own written statement on a Bureau Referral and Placement Report, made on September 7, claimant, in addition to stating why the work would not be suitable, twice acknowledged that a job referral had in fact been made to her.[3]

If the claimant herself had not so clearly admitted the fact of a job referral, the indefiniteness of the advice from Bureau personnel might have led us to a different conclusion, but the unequivocal nature of her signed statement as to a job referral causes us to decide that the Board's finding on that point is supported by substantial evidence.

The termination decision must therefore be upheld.

### ORDER

AND Now, this 13th day of November, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-142414, dated March 21, 1977, sustaining the referee's disallowance of benefits, is affirmed.

---

[3] The statement included the words:

The job referral was not what I am listed for. . . . The job referral was for Accounts Payable Clerk, $3.25 per hour in Waynesboro.