Ferdinando Melignano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1979, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Lydia Hernandez-Velez,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, December 26, 1979:

Ferdinando Melignano (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits by reason of a determination that Claimant's discharge was due to willful misconduct on his part. Claimant argues that the Board erred in so doing.

The Board made the following findings of fact:

1. The claimant was last employed by Luithlen Dye Corp. as a dye house helper at a final rate of pay of $5.15 an hour and his last day of work was February 23, 1977.

2. The claimant had been previously warned by the employer regarding tardiness and excessive absenteeism for personal reasons.

3. The claimant reported for work on February 23, 1977, and requested time off to see an attorney.

4. The claimant did not have an appointment nor did he have a specific lawyer in mind.

5. The employer refused the claimaint's request and after working three-quarters (¾) of an hour the claimant walked off the job stating that the work was too hard and it was bothering his heart.

6. On February 28, 1977, the employer received a doctor's certification through the mail

to the effect that the claimant was under a doctor's professional care 'from February 23 to March 4 inclusive,' said certificate being dated February 25, 1977.

7. Nothing was heard from the claimant until March 16, 1977 when he reported for work and a history of the time he had missed was reviewed with him and he was advised he had been discharged.

8. On March 18, 1977, the claimant presented two doctor's certificates to the employer, one indicated that he had been under the care of Dr. Manuel S. Marquez from February 23 to March 15, 1977 and that he was able to return to his regular duties as of March 16, 1977. The other certificate indicated the claimant had been under the care of the same doctor since February 23 and requested the employer to either re-employ him or report him to the Bureau in order to collect unemployment compensation benefits.

9. The claimant's attendance record was again reviewed with him and he was not rehired.

Relying on the doctor's certificate referred to in its sixth finding of fact, which indicated that Claimant was under a doctor's care "from February 23 to March 4 inclusive," the Board concluded that the Claimant's failure to return to work prior to March 16, 1977, and his failure to contact his employer between March 4 and March 16, 1977, amounted to willful misconduct.

The Board's findings of fact, although disputed in part by Claimant, are supported by substantial evidence and are, therefore, conclusive. The only issue remaining for our consideration is whether the Claimant's conduct as found by the Board rose to the level of willful misconduct.

"Willful misconduct has been defined to include a disregard of standards of behavior which the employer has the right to expect of his employees. An employer has a right to expect an employee who is on sick leave to report back to work when cleared to do so by his physician or at least to notify his employer of his reasons for failing to return." *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 378, 381 A.2d 1343, 1344 (1978) (citations omitted). In concluding that Claimant's conduct constituted willful misconduct, the Board chose to attach credibility to the doctor's certification of February 25, 1977, indicating that Claimant was disabled "from February 23 to March 4 inclusive." Under these circumstances, and in view of *Geesey, supra,* we believe the Claimant's conduct constituted willful misconduct and that the Board properly denied benefits.

### ORDER

AND Now, this 26th day of December, 1979, the order of the Unemployment Compensation Board of Review dated May 30, 1978, denying benefits to Ferdinando Melignano is hereby affirmed.