John J. Zonca, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 20, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Bradford E. Landon,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Charles G. Hasson,* Associate Counsel, and *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 17, 1981:

Claimant,[1] discharged from his employment as a group leader in a manufacturing plant,[2] has appealed from a denial of benefits by the Unemployment Compensation Board of Review and referee, who rejected his claim on the ground that the termination was due to his willful misconduct[3] consisting of unauthorized entry into the plant during a strike, on an occasion when vandalism was committed.

The key question, in the light of the scope of our review to which we are limited, is whether certain circumstantial evidence, identifying claimant as the person who made the unauthorized entry, constitutes

---

[1] John J. Zonca, petitioner.

[2] Silberline Manufacturing Company.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

substantial evidence in support of the board's decision.

. Claimant's brief has correctly characterized the testimony which identified claimant as the wrongdoer, as. evidence which is essentially circumstantial in its nature; it consisted of an investigating police officer's testimony that footprints in the snow, leading away from the plant door, corresponded with prints made by the boots worn by claimant, who was among the group of striking workers sheltered in the bus to which the footprints led.

The evidentiary case for sustaining the employer's burden here could not. be much thinner. The record lacks evidence of any footprint trail leading *into* the plant; there is testimony only of the footprints leading away. The police officer, testifying at the hearing four months after the event, was unable to describe claimant's boots in detail at that juncture, although he did sketch the soleprint. The officer's detection of silvery substance on the sole of. claimant's shoe, although that material corresponded to some spilled in the act of vandalism, was not conclusive in itself because workers in the plant ordinarily accumulated that material on their shoes.

However, we cannot conclude that the crucial footprint identification evidence is insubstantial. Not only must we acknowledge that the board, rather than this court, has the power to resolve questions of credibility and conflicts in testimony, *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 306, 387 A.2d 998, 1000 (1978), but also we must recognize that we are required to accord the benefit of inferences to the party in whose favor the board has found. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

The one other matter raised by claimant, questioning an arbitrator's report as hearsay evidence, need not be decided because that report did not constitute the basis for the referee's crucial identification determination, which was expressly based upon the police officer's testimony.

We are required to affirm.

ORDER

Now, December 17, 1981, the decision of the Unemployment Compensation Board of Review, at B-190352, dated December 8, 1980, is affirmed.