Joseph Kemper, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*William D. Kemper, Dillon, McCandless, King & Kemper,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 1, 1982:

Claimant Joseph Kemper appeals from a July 9, 1981 order of the Unemployment Compensation Board of Review which affirmed the referee's decision to deny benefits on the ground of willful misconduct under the Unemployment Compensation Law.[1]

The claimant was employed as a burglar alarm installer by Masterguard from May 27, 1980 to April 6, 1981. However, acting outside of that employment, the claimant installed a burglar alarm system in his brother-in-law's home in late March or early April 1981. On April 6, 1981, the employer discharged the claimant because of a policy of the employer prohibiting employees from installing alarm systems on their own.

The board adopted a finding of the referee that the employer had such a policy, and that the claimant was aware, or should have been aware, of the policy. Those findings are supported by testimony of the employer's representative at the hearing; although that testimony—flatly contradicted by employees—could not be characterized as clear-cut or strong,[2] we cannot conclude that it was insubstantial.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.

[2] AEW: OK. We have, our, we have an alarm company, Masterguard is the alarm company, we have about 15 installers, fulltime installers. We have about 5 sales people. Our sales people are paid strictly by commission. So we have a, we have a policy that, that nobody is allowed to install alarms on their parttime or on their own time (inaudible) or days off or you know, they're not allowed to be in the alarm business parttime. If they want to be in the alarm business, they can quit and go in the alarm business. . . . So to protect our sales people and to

Questions of credibility are for the board, and its findings will not be disturbed because the claimant presented conflicting testimony. *Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974).[3] Therefore, the order of the board is affirmed.

protect the integrity of our business, we have as a rule that, you know, you're not allowed to put alarm systems in on your own, and that the standard policy, everybody knew about it, they're told that when they're hired. We discussed it at, at anytime we'd get together and, and so that's basically the reason he was fired.

On cross-examination, the employer testified as follows:

QCL: Is it not possible that perhaps in the case of this claimant or another claimant that you may not have said specifically?

AEW: It could be true.

The claimant introduced as evidence his own testimony and that of two other employees. Part of the claimant's testimony follows:

QCL: Do you recall any conversation concerning the policy of the Masterguard Company concerning installation of alarms or alarm systems outside of your employment with Masterguard?

AC: No.

. . . .

QCL: Would you state whether you are aware of any such rule that Masterguard Company has?

AC: I'm not aware of any rule.

. . . .

QCL: Would you state whether you were provided with any written policy or handbook concerning the rules and regulations of Masterguard?

AC: No, I wasn't.

Testimony by the other employees was substantially similar to that of the claimant.

[3] This court may have found differently had it been the trier-of-fact, but if the employer, as the party with the burden of proof, has prevailed before the board, this court's limited scope of review is to determine whether substantial evidence supports the board's decision or an error of law has been committed. *Lee v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 480, 426 A.2d 757 (1981).

210

ORDER

Now, December 1, 1982, the order of the Unemployment Compensation Board of Review, No. B-197000, dated July 9, 1981, is affirmed, and claimant's appeal is dismissed.