Linda Kriebel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 7, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John L. Walder,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

Opinion by Judge Williams, Jr., December 29, 1982:

This is an appeal by the claimant, Linda Kriebel, from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying the claimant unemployment benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was last employed by Aeronca, Incorporated (employer) as a spot welder and punch press operator. Pursuant to company policy, the claimant received three warning notices for unexcused absenteeism. Her third and final warning resulted in her discharge.

The claimant now appeals the Board's order to this Court on two grounds. First, she contends that the Board's findings are unsupported by the evidence. More specifically, she argues that her absences of December 8 and December 9, 1980 were excused by a doctor's note, contrary to the Board's finding that they were not. Additionally, the claimant asserts that the Board erred in affirming the referee's decision since the referee did not allow her an opportunity for cross-examination. The claimant was not represented by counsel at the referee's hearing.

As to the claimant's first contention, we note that this Court is bound by findings of fact supported by substantial evidence. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 287 A.2d 998 (1978). We conclude that the record in this case contains such evidence. Specifically sup-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended* 43 P.S. §802(e).

ported is the referee's finding number six, that the claimant had unexcused absences on December 8 and December 9, 1980. The claimant submitted a physician's note to her employer on December 10, 1980 which stated, "Linda Kriebel was seen in the office on 12 10 80 for treatment of a throat and intestinal infection. She may return to work when recovered." The employer excused the claimant's absences on December 10, 11 and 12, but did not excuse her absences on December 9, 17 and 18, the dates which resulted in her discharge.[2] The record reveals that it was company policy to require doctor's notes to be specific as to the days to be excused. This was known by the claimant. Further, past notes submitted by the claimant were all in conformity with this requirement. On these bases we cannot conclude that the Board erred in finding that the claimant was unexcused for December 8 and December 9, 1980.

Finally, the claimant contends that although the referee instructed her of her rights at the beginning of her hearing, the Board erred in affirming the referee since she was given no opportunity to cross-examine in that the referee did not specifically ask if she had any questions for the other side. In response, the Board questions whether or not the claimant was prejudiced by any omission on the part of the referee. We have examined the record in this case and have determined that, not only did the referee advise the claimant of her rights at the beginning of her hearing, but throughout the hearing the referee asked the claimant if she had objections and at the hearing's

---

[2] Although there seems to be a relevancy problem between the referee's finding that the claimant was unexcused for December 8 and 9, 1980, and the days resulting in her discharge, December 9, 17 and 18, 1980, to the extent that December 9, 1980 is common to both, this finding is relevant to the present proceedings.

close asked if there was anything she wished to add. Accordingly, we conclude that the claimant was in no way prejudiced with regard to any of her rights. Therefore, the order of the Board denying benefits to the claimant is hereby affirmed.

ORDER

AND Now, this 29th day of December, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-196051, denying benefits to the claimant, is affirmed.