Ronald Cole, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 11, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*James Norris,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 30, 1983:

Ronald Cole (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which adopted a referee's decision to deny him benefits on the basis that his failure to report to work when released by his employer's physician, along with his excessive absenteeism, constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant argues merely that his conduct did not rise to the level of willful misconduct. We have reviewed the record and the findings made below, however, and we believe that the findings were supported by substantial evidence even though conflicting testimony was introduced. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). Simply stated, the factfinder exercised his clear authority to believe the employers' evidence and not the claimant's. *Id.* And, after carefully reviewing the Board's legal conclusion, we agree that the claimant's actions constituted a disregard of the standards of behavior which an employer has the right to expect of his employees and is therefore properly determined to be willful misconduct. *Melignano v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 180, 409 A.2d 495 (1979); *Geesey v. Unemployment Compensa-*

*tion Board of Review*, 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

We will therefore affirm the Board's order.

ORDER

AND Now, this 30th day of June, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.