IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley T. Connor,                          :
                                           :
                        Petitioner         :
                                           :
            v.                             :  No. 343 C.D. 2020
                                           :  Submitted:  November 23, 2022
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                        Respondent :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  October 10, 2023


            Wesley Connor (Claimant) petitions for review of the Order of the
Unemployment Compensation Board of Review (Board), which affirmed the
decision of a referee denying his claim for unemployment compensation (UC)
benefits under Section 402(e) of the Unemployment Compensation (Law).[1]  After
careful review, we affirm.

            On October 21, 2018, Claimant filed a claim for UC benefits following
his separation from employment as a laborer for Log Lofts Ltd. (Employer).  On

---

[1] Act of December 5, 1926, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation
for any week . . . [i]n which his unemployment is due to his discharge . . . from work for willful
misconduct connected with his work . . . ."

November 21, 2019, the Harrisburg Overflow Service Center (Center) determined that Claimant was ineligible for benefits under Section 402(e) of the Law based on his willful misconduct. *See* Certified Record (C.R.) at 37-40. Claimant appealed the Center's determination, and a hearing was conducted before a referee on January 6, 2020.[2]

Following the hearing, on January 9, 2020, the referee issued a decision disposing of Claimant's appeal in which he found the following facts:

> 1. [C]laimant was employed full[]time as a Laborer with [Employer] from November 17, 2017[,] until July 1 or July 2, 2018 . . . .
>
> 2. [E]mployer builds log homes and [C]laimant [is] required to use chainsaws, heavy equipment, and cranes to work with and assemble logs up to 50[ feet] long and weighing up to 3 tons.
>
> 3. Because of the work environment, [E]mployer did not permit drug or alcohol use on the job during work hours.
>
> 4. [C]laimant was aware that he was not permitted to use drugs or consume alcohol on the job during work hours.
>
> 5. On June 25, 2018, [E]mployer sent [C]laimant home from work after [C]laimant admitted [to] being under the influence of THC at work.
>
> 6. [E]mployer informed [C]laimant that he couldn't come to work using drugs.

---

[2] At the hearing, Claimant testified in support of his claim. *See* C.R. at 93-97, 116-37. Employer's owner, Jason Sheraw (also referred to as Employer), and Raymond Pietrangeli (Witness), an outside contractor for Employer, testified in opposition to the claim. *See id.* at 95-110, 111-14.

7. On June 29, 2018, [E]mployer observed that [C]laimant was under the influence of alcohol and sent [C]laimant home.

8. [C]laimant acknowledged being under the influence of alcohol and [E]mployer warned [C]laimant that he could not do this anymore.

9. On [C]laimant's last day of work, [C]laimant went into [E]mployer's office for lunch around 10:30 [a.m.] or 11[:00 a.m.]

10. [E]mployer had additional work for [C]laimant to perform.

11. [E]mployer later found [C]laimant intoxicated and passed out on the couch in [E]mployer's office with a beer can between his legs and three empty beer cans in the garbage.

12. [E]mployer could not get [C]laimant to move off [of] the couch.

13. [E]mployer discharged [C]laimant for being intoxicated at work.

C.R. at 153-54.

Based on the foregoing factual findings, the referee reasoned:

In the present case, [C]laimant does not deny falling asleep on [E]mployer's couch or drinking up to [two] beers at [E]mployer's worksite. [C]laimant asserts that this happened on a Sunday and that he worked the following day. [C]laimant further argues that [E]mployer engaged in and permitted drinking of alcohol while on the job. Credibility on these issues is resolved in favor of [E]mployer who credibly testified that alcohol and drug use was not permitted on the job due to working conditions and that he had previously sent [C]laimant home for both drug and alcohol use. While it is not clear from the record whether [C]laimant last worked on Sunday, July 1, 2018[,] or Monday, July 2, 2018, the [r]eferee finds [E]mployer

3

> credible that the final incident occurred on [C]laimant's last day of employment. [C]laimant's drinking of alcohol to the point of intoxication after prior warning from [E]mployer demonstrates a knowing violation of [E]mployer policy and willful disregard of [E]mployer's interests rising to the level of willful misconduct. Consequently, [C]laimant's request for UC benefits must be denied in accordance with Section 402(e) of the Law.

C.R. at 154-55. Accordingly, the referee issued an order affirming the Center's determination, *see id.* at 155, and Claimant appealed the referee's order to the Board.

On March 9, 2020, in affirming the referee's order, the Board mailed the parties an Order in which it stated the following, in relevant part:

> After considering the entire record in this matter, the [Board] concludes that the referee's decision was proper under the [Law]. Therefore, the Board adopts and incorporates the referee's findings and conclusions and enters the following Order[.]

C.R. at 258. Claimant then filed the instant petition for review of the Board's Order.[3]

On appeal, Claimant asserts that the Board erred in affirming the referee's order because it is not supported by substantial evidence. Specifically, Claimant contends that the Board erred as a matter of law in failing to specifically explain the resolution of all of the gross contradictions and internal conflicts in the documentary and testimonial evidence that Employer presented to support the denial of benefits. To the extent that Claimant's arguments have been preserved for our review,[4] we do not agree that the Board's determination in this matter is not

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether Board practice or procedure was followed, or whether the findings of fact are supported by substantial evidence. *Hubbard v. Unemployment Compensation Board of Review*, 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021).

[4] Claimant summarized his sole claim that he raised in his appeal to the Board as follows:

**(Footnote continued on next page…)**

4

supported by substantial evidence because, as outlined above, Claimant's own testimony supports the Board's determination herein.[5]

It is well settled that the Board is the ultimate finder of fact in UC proceedings, and the Board's findings of fact are conclusive on appeal if the record

> The basis for the appeal is that the [r]eferee's decision was not supported by substantial evidence and was incorrect as a matter of law. In particular, the [r]eferee's assessment of the credibility to [] Employer in this case was not supported by the record and in fact as there were numerous contradictions in [] Employer's testimony and other aspects concerning [] Employer's case that made it unworthy of belief.

C.R. at 163. It is beyond cavil that the failure to raise a claim before the Board results in a waiver of that claim on appeal to this Court. *See, e.g.*, Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a) ("A party who proceeded before a Commonwealth agency under the terms of a particular statute . . . may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown."); Pa.R.A.P. 1551(a) ("Only questions raised before the [Board] shall be heard or considered . . . ."); *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179, 180 (Pa. 1981) (holding that "[w]aiver is a viable concept in unemployment compensation proceedings, and th[is Court] erred in not finding that the willful misconduct issue was waived"); *Hubbard*, 252 A.3d at 1186-87 (holding that "issues not raised before the Board have not been preserved for appellate review and are deemed waived").

[5] Claimant also contends that the Board erred in failing to grant his request to reconsider its decision denying benefits based on the contradictory, conflicting, and incredible evidence that Employer presented in opposition to his claim petition for benefits. Section 101.111(b) of the Board's regulations provide that reconsideration will be granted "only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code § 101.111(b). "In determining whether 'good cause' exists, the [Board] must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999). In his reconsideration request herein, Claimant merely asserted: "There are numerous and material contradictions in [] Employer's testimony as well as in the testimony of the [W]itness, that would lead a reasonable factfinder to conclude nothing other than their testimony was unreliable." C.R. at 267. However, the Board may not grant reconsideration merely to revisit credibility issues. *Ensle*, 740 A.2d at 780. As a result, Claimant has failed to demonstrate the Board's requisite abuse of discretion in refusing to grant his request for reconsideration.

5

contains substantial evidence to support those findings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977).  In addition,

> [s]ubstantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.  In performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder.  Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.  Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the [Board;] rather, the pertinent inquiry is whether there is any evidence which supports the [Board's] factual finding.  It is solely for the [Board], as the factfinder, to assess credibility and to resolve conflicts in the evidence.  In addition, it is solely for the [Board], as the factfinder, to determine what weight to give to any evidence.  As such, the [Board] may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted.

*Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155-56 (Pa. Cmwlth. 1998).[6]  Moreover, while the Board must make crucial findings on the essential issues, it "is not required to address specifically each

---

[6] *See also City of Pittsburgh v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1568 C.D. 2015, filed April 21, 2016), slip op. at 14 ("[T]he fact that the record does not contain evidence showing that the timing of the residency investigation imposed a hardship upon [the c]laimant does not alter this outcome.  *See Hoffmaster*[, 721 A.2d at 1155] (explaining that 'in a substantial evidence analysis . . . the pertinent inquiry is whether there is *any* evidence which supports' the agency's decision below.  (emphasis added)."); Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . .  Non-precedential decisions . . . may be cited for their persuasive value.").

bit of evidence offered." *Panella v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 351 C.D. 2013, filed August 29, 2013), slip op. at 7-8 (citation omitted).

As outlined above, in this case, the Board adopted the referee's findings that Claimant admitted to falling asleep on Employer's couch, and to drinking two beers at Employer's worksite. Claimant's testimony at the referee's hearing supports these findings.[7] As a result, they are binding on appeal. *Peak*; *Taylor*.

---

[7] Specifically, Claimant testified, in relevant part:

> [Q.]    On any of the days, Sunday or Monday, did you take a nap on the couch?
> [A.]    It was on Monday, when I was done at 3:00.
>
> [Q.]    And why did you take a nap on the couch?
> [A.]    I was exhausted and I was off of work.
>
> * * *
>
> [Q.]    Now on July 2[, 2018], when you took a nap on the couch, did you drink any beer that day?
> [A.]    Yes, I had two beers that day.
>
> [Q.]    And when did you have those beers?
> [A.]    One around when I went in the office when I was off of work, and maybe an hour before that.

C.R. at 122. In contrast, as found by the Board, Employer testified that he did not permit the use of alcohol at work; Claimant's last day of work was July 1, 2018; Claimant went for a "liquid lunch" in Employer's office around 10:30 a.m. or 11:00 a.m.; he found Claimant drunk and asleep on the couch in his office in the "[e]arly afternoon, like lunch"; and there was more work to complete during that workday. *Id.* at 97, 99-100, 101. Employer's Witness corroborated Employer's version of events. *See id.* at 111-13.

Moreover, Claimant's foregoing admissions[8] are substantial evidence supporting the Board's determination of willful misconduct. Although not specifically defined in Section 402(e) of the Law,

> [w]illful misconduct is defined as (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of an employer's rules; (3) disregard of the standards of behavior that an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interest or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, [827 A.2d 422, 425 (Pa. 2003)].

*Zimmerman v. Unemployment Compensation Board of Review*, 236 A.3d 151, 159 (Pa. Cmwlth. 2020).

> In particular, as this Court has explained:

> [T]he courts of this Commonwealth have long considered alcohol use and/or abuse, like drug abuse, to constitute willful misconduct under certain circumstances, and for the same reasons. *E.g.*, *Cornyn v. Unemployment Comp[ensation] B[oard] of Review*, [316 A.2d 158, 159 (Pa. Cmwlth. 1974)] (intoxication during working hours constitutes willful misconduct). This is due to "the easily recognized manifestations of excessive drinking, [and] also any abnormal mental or physical condition from over-indulgence which deprives an employe of the clearness of intellect or muscular control necessary for the proper

---

[8] Claimant's admissions, standing alone, is substantial evidence supporting the Board's findings of fact. *See, e.g.*, *Reis v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1395 C.D.2011, filed February 24, 2012), slip op. at 5-6, ("Claimant's admissions that he had used marijuana and consumed alcohol earlier in the day . . . and that he had previously failed a drug test . . . constitute[] substantial evidence supporting the Board's findings. *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 737 (Pa. Cmwlth. [(2010)]; *Criswell v. Unemployment Compensation Board of Review*, 393 A.2d 1071, 1073 (Pa. Cmwlth. 1978).")); *see also Borough of Grove City v. Unemployment Compensation Board of Review*, 928 A.2d 371, 374 (Pa. Cmwlth. 2007) ("[T]he admission of a party . . . is competent to sustain a finding of fact . . . .").

performance of his work." *Hassen v. Unemployment Comp*[*ensation*] *B*[*oard*] *of Review*, [150 A.2d 158, 160 (Pa. Super. 1959)].

*Dillon v. Unemployment Compensation Board of Review*, 68 A.3d 1054, 1057 (Pa. Cmwlth. 2013).

Likewise, we have observed:

[S]leeping on the job "is *prima facie* an act of willful misconduct, for it falls within either 'wanton and willful disregard of the employer's interest,' or 'disregard of standards of behavior which an employer can rightfully expect.'" *Regland v. Unemployment Compensation Board of Review*, [428 A.2d 1019, 1020 (Pa. Cmwlth. 1981)]. Only if there is justifiable or reasonable cause under the circumstances would the willful misconduct taint be purged. *See McLean v. Unemployment Compensation Board of Review*, [383 A.2d 533, 535 (Pa. 1978)]. The burden, however, of establishing good cause is on the employee. *Holomshek v. Unemployment Compensation Board of Review*, [395 A.2d 708, 709 (Pa. Cmwlth. 1979)].

*Biggs v. Unemployment Compensation Board of Review*, 443 A.2d 1204, 1205 (Pa. Cmwlth. 1982).

Nevertheless, as outlined above, Claimant argues that his conduct does not rise to the level of willful misconduct because he drank the second beer and took his nap in Employer's office after his work was completed for the day, and because Employer permitted drinking on the job. However, as indicated above, the Board rejected Claimant's testimony in this regard as not credible. This credibility determination is patently beyond our limited scope of appellate review. *Hoffmaster*. In short, there is ample substantial evidence supporting the Board's determination that Claimant committed willful misconduct rendering him ineligible for benefits, and Claimant's assertions to the contrary are without merit.

Accordingly, the Board's order is affirmed.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley T. Connor, : 
          :
          Petitioner  :
          :
          v.  : No. 343 C.D. 2020
          :
Unemployment Compensation  :
Board of Review,  :
          :
          Respondent :

# **O R D E R**

AND NOW, this 10th day of October, 2023, the order of the Unemployment Compensation Board of Review dated March 9, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge